## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**ROBERT S. CRAWFORD,**

    **Plaintiff,**

**v.**               **1:13-cv-02468-WSD**

**CIRCLE K STORES, INC.,**

    **Defendant.**

### <u>OPINION AND ORDER</u>

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Non-Final Report and Recommendation (R&R), which recommended that Defendant's Motion to Dismiss the Plaintiff's original Complaint should be granted in part and denied in part [12].

On July 25, 2013, Plaintiff filed a single count Complaint in which he alleged that the Defendant retaliated against him in violation of 42 U.S.C. § 1981 because he was terminated for complaining about racially discriminatory employment practices.  On September 27, 2013, Defendant moved to dismiss the Complaint, arguing that Plaintiff had failed to show a *prima facie* case of discrimination under § 1981, and that Plaintiff lacked standing to seek permanent

injunctive relief.  On March 7, 2014, Magistrate Judge Vineyard issued a non-final R&R, recommending that the Defendant's Motion to Dismiss regarding Plaintiff's retaliation claim should be denied because the Complaint asserted a plausible claim of retaliation under § 1981.  The Magistrate Judge also recommended that Defendant's Motion to Dismiss the Plaintiff's request for injunctive relief should be granted because Plaintiff, as a former employee of Defendant, lacked standing to assert a claim for injunctive relief against his former employer.

On March 18, 2014, Plaintiff filed a Consent Motion seeking to amend his Complaint, and to excuse the Defendant's obligation to respond to the Plaintiff's original Complaint.  Plaintiff stated that he received his Right to Sue from the Equal Employment Opportunity Commission, and as a result, requested that he be allowed to amend his Complaint to add a claim under Title VII of the Civil Rights Act of 1964.  On March 20, 2014, the Magistrate Judge found good cause to allow the Plaintiff to amend his Complaint and excused the Defendant from the requirement to respond to the Plaintiff's original Complaint.  On the same day, Plaintiff filed an Amended Complaint in which he raised retaliation claims arising under § 1981 and 42 U.S.C. § 2000e.  Plaintiff no longer seeks injunctive relief in his Amended Complaint.  On April 3, 2014, Defendant filed an Answer to the Amended Complaint.  In light of these developments, and because the Plaintiff has

already filed an Amended Complaint, the Defendant's Motion to Dismiss the original Complaint is required to be denied as moot.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [5] the Plaintiff's original Complaint [1] is **DENIED AS MOOT**.


**SO ORDERED** this 16th day of May 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE